# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TUSIMPLE, INC.,<br>Plaintiff, | § <br> § <br> § <br> § | CIVIL ACTION NO.<br>4:25-cv-03371 |
| vs. | § <br> § <br> § | JUDGE CHARLES<br>ESKRIDGE |
| BOT AUTO, INC.,<br>BOT AUTO TX, INC.<br>and BOT AUTO CA,<br>INC.,<br>Defendants. | § <br> § <br> § <br> § <br> § <br> § | |

## BOT AUTO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS (DKT. NO. 11)

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ................................................................................................. ii

Table of Exhibits .................................................................................................... iii

I.　Introduction .................................................................................................. 1

II.　CreateAI Does Not Deny Access to Bot Auto's Technology ........... 2

III.　A Patent Complaint Must Allege Facts Sufficient to
Articulate Why Defendants Infringe ............................................. 4

IV.　CreateAI's Complaint Lacks Facts Articulating Why it is
Plausible That Bot Auto's Autonomous Trucks Infringe the
Asserted Patents ........................................................................... 6

V.　CreateAI's Alternative Request for Relief Should be Denied
as Futile ....................................................................................... 9

VI.　Conclusion ................................................................................................ 9

Certificate of Word Count ................................................................................... 11

Certificate of Service ............................................................................................. 12

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................4

*In re Bill of Lading,*
    681 F.3d 1323 (Fed. Cir. 2012) .....................................................................4

*Bot M8 LLC v. Sony Corp. of Am.,*
    4 F.4th 1342 (Fed. Cir. 2021) ................................................................... 5, 8

*Disc Disease Sol'ns Inc. v. VGH Sol'ns, Inc.,*
    888 F.3d 1256 (Fed. Cir. 2018) ............................................................ 5, 6, 7

*Hunton Energy Holdings v. HL Seawater Holdings,*
    539 F. Supp. 3d 685 (S.D. Tex. 2021) ...................................................... 2, 3

*ProudLion IP LLC v. Montblanc North America LLC,*
    Civ. A. No. 4:23-cv-02050, 2024 WL 4256438 (S.D. Tex. Sept.
    19, 2024) ........................................................................................................5

*ProudLion IP LLC v. Movado Group, LP,*
    Civ. A. No. 4:23-cv-2052, 2024 WL 5203034 (S.D. Tex. Jan. 12,
    2024) ..............................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 15(a)(1)(B) ...................................................................................9

Rule 8(a)(2) ..........................................................................................................4

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| P | Complaint with Exhibits A–E, *Disc Disease Sol'ns Inc. v. VGH Sol'ns, Inc.*, Case No. 1:15-cv-00188 (M.D. Ga. Nov. 30, 2015) |

Bot Auto respectfully replies in support of its motion to dismiss ("<u>Motion</u>," Dkt. No. 11 (capitalized terms are used as defined in the Motion)) "<u>CreateAI</u>"'s (f/k/a TuSimple, Inc.) claims of infringement of the Asserted Patents (the '776 , '270 , '284 , '109 , '783 , and '609 patents).

## I.    INTRODUCTION

Bot Auto agrees this is "not a typical patent case." Opposition to Defendants' Motion to Dismiss ("<u>Response</u>," Dkt. No. 19) at 5. However, common ground ends there.

This is not a typical patent case because it is but one of a series of cases brought by CreateAI and its parent company, CreateAI Holdings, Inc., repackaging the same unsupported allegations of technology theft into different causes of action asserted amid an extrajudicial media campaign against Bot Auto and its founder, Dr. Hou, while the parties litigate separate shareholder disputes in Delaware and California. Typical patent cases involve actual concerns about infringement grounded in good faith efforts to state claims consistent with established law.  Like CreateAI's other lawsuits, this case, intended to exert leverage rather than a genuine effort to protect intellectual property, lacks merit—it manifests an atypical strategy of filing, manipulating, and extending litigation for its own sake.  Thus, CreateAI devotes substantial effort to an elaborate charade of compliance and excuses, rather than seeking actual redress through actual compliance.  Most important

here, this is not a typical patent case because CreateAI has neither attempted nor met the basic pleading standards.

CreateAI misrepresents Bot Auto's arguments and the relevant standards, fails to identify factual allegations that plausibly support its claims, and engages in cognitive distortion to disingenuously allege it lacks access to Bot Auto's technology to excuse its failure to sufficiently plead its case. CreateAI's inability to allege facts to state a plausible claim of patent infringement on any of the Asserted Patents evidences CreateAI's atypical motives, does not meet the *Twombly/Iqbal* plausibility standard, and must be dismissed.

Without factual allegations that articulate a plausible claim of infringement as to any of the Asserted Patents, CreateAI's Complaint fails to state a claim for relief and should be dismissed.

## II.    CREATEAI DOES NOT DENY ACCESS TO BOT AUTO'S TECHNOLOGY

It should be a simple exercise to include factual allegations sufficient to plausibly state a claim for patent infringement, if CreateAI's claims had merit. CreateAI has not done so because it cannot, and that pleading failure has nothing to do with a "lack of access to Bot Auto's trucks." *See* Response at 2; *see also id.* at 13–14 (relying on *Hunton Energy Holdings v. HL Seawater Holdings*, 539 F. Supp. 3d 685, 689–91 (S.D. Tex. 2021)).

CreateAI does not deny that it has access to Bot Auto's source code and tens of thousands of Bot Auto's technology documents from the Business Court Action. That level of access to information about Bot Auto's trucks alone distinguishes *Hunton* and underscores dismissal is warranted here.

CreateAI's argument that the Business Court's Protective Order prohibits use of this information is false and not credible. Response at 18–19. While the Protective Order prohibits use of "Classified Information" for purposes other than the "Litigation," "Litigation" is plainly defined to include "ancillary proceedings." *See* Response, McCarthy Decl. Ex. 2, at 1. This case is ancillary to the Business Court Action, among other reasons, given the exclusive jurisdiction of federal courts over patent infringement. Further, nothing prevented CreateAI from referring in the Complaint to documents or source code "known to the parties" as support, as is common, to avoid disclosing "Classified Information." CreateAI does not need access to Bot Auto's trucks to state a plausible claim if one is to be had; it has access, even better, to the technology that gave rise to the trucks. Moreover, CreateAI asserts in the Business Court Action it can "visibly" observe its technology on Bot Auto's trucks "upon the public roads in the Houston metropolitan area." Motion, Ex. J, at ¶ 92. The Court should reject CreateAI's disingenuous excuses about the Protective Order and "lack of access to Bot Auto's trucks."

### III. A PATENT COMPLAINT MUST ALLEGE FACTS SUFFICIENT TO ARTICULATE WHY DEFENDANTS INFRINGE

Rather than articulate facts establishing a plausible claim of patent infringement, CreateAI instead relies on its false and conclusory allegation that Bot Auto employees "have engaged in a deliberate scheme to misappropriate Plaintiff's intellectual property" (Response at 6–7); this is exactly the "unadorned, the-defendant-unlawfully-harmed-me-accusation" that does not meet Rule 8(a)(2)'s pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the plausibility standard is met only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Bill of Lading*, 681 F.3d 1323, 1332 (Fed. Cir. 2012) ("A complaint that merely pleads facts that are consistent with a defendant's liability 'stops short of the line between possibility and plausibility'" (quoting *Twombly*, 550 U.S. at 546)). Those facts are missing from the Complaint.

Instead of directly addressing the Complaint's lack of relevant facts, CreateAI mischaracterizes Bot Auto's argument as one demanding factual allegations on an element-by-element basis. Response at 14–15. That is not what is required to demonstrate plausibility and not what Bot Auto argued. Instead, Bot Auto shows the lack of factual allegations regarding key

limitations in the Asserted Patent claims preclude a reasonable inference of infringement. Motion at 15–24. That is how the Federal Circuit and district courts apply the *Twombly/Iqbal* standard in patent cases. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringed the patent claim."); *see also ProudLion IP LLC v. Movado Group, LP*, Civ. A. No. 4:23-cv-2052, 2024 WL 5203034, *3–4 (S.D. Tex. Jan. 12, 2024) (dismissing a patent complaint for failing to plead a claim for relief where it lacked factual allegations plausibly demonstrating the accused device met required claim limitations); *ProudLion IP LLC v. Montblanc North America LLC*, Civ. A. No. 4:23-cv-02050, 2024 WL 4256438, *1 (S.D. Tex. Sept. 19, 2024) (same).

Contrary to CreateAI's arguments, the Federal Circuit has not held that merely naming and photographing an accused product and making conclusory allegations satisfies the *Twombly/Iqbal* plausibility standard. *See* Response at 9–10 (CreateAI's argument regarding *Disc Disease*). In *Disc Disease*, the photographs of the technology at issue were advertisements containing additional text and images allowing the court a basis from which to infer plausible infringement. *Disc Disease Sol'ns Inc. v. VGH Sol'ns, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *see also* Complaint, ¶¶ 15, 25 and Exs. A–E, Case No. 1:15-cv-00188 (M.D. Ga. Nov. 30, 2015) (factual allegations regarding the

accused products in *Disc Disease* with supporting patents and photographs) (attached as Exhibit P). For example, the photograph attached to the *Disc Disease* complaint supported the allegations that the identified accused product infringed the '509 patent:

| '509 Patent, Claim 1 | Exhibit D *Disc Disease* Accused Product |
|---|---|
| A method of manufacturing a wrinkled band, wherein the outer peripheral rim of an overlapped adhesion sheet is adhered and simultaneously an adhesion line having an air passage is formed with certain regularity in the inner side face thereof, another adhesion line forms a respective vent hole and secures an inner space in-between, and above and below the secured inner space a connection adhesion band 5 with an elastic band 6 connected thereto is adhered by an outer peripheral line, with the elastic band being stretched. |  |

## IV. CREATEAI'S COMPLAINT LACKS FACTS ARTICULATING WHY IT IS PLAUSIBLE THAT BOT AUTO'S AUTONOMOUS TRUCKS INFRINGE THE ASSERTED PATENTS

Although CreateAI argues that its Complaint includes "public statements by Bot Auto's founder and CEO about the capabilities of these trucks, and public images of the trucks themselves" (Response at 5–6), nowhere does CreateAI explain how those statements or photos make CreateAI's infringement claims plausible. Someone promising general success does not

6

equate to patent infringement; the Asserted Patents include many key limitations not observable from exterior pictures of Bot Auto's trucks or addressed by the public statements made by Bot Auto's founder; and CreateAI did not allege any facts regarding those limitations. Indeed, unlike in *Disc Disease* where critical features were both seen and described, the photograph CreateAI provided in paragraph 74 of the Complaint says nothing and does not support a reasonable inference of anything beyond Bot Auto owns trucks:



For example, neither this photograph nor anything else in the Complaint, including the articles referenced in paragraphs 74 and 76–77, provide any allegations plausibly demonstrating:

- How the Accused Products use control commands, determine an expected range of steering angles as a function of at least the speed of the vehicle and the yaw rate of the vehicle, or whether any

redundancy involves first and second motors as required by the limitations of claim 1 of the '776 patent (Motion at 17–18 (Count I));

- How the Accused Products perform a method including determining whether the steering position is within a range of values that is a function of speed and yaw rate or sending a second command in response to that determination as required by the limitations of claim 1 of the '270 patent (Motion at 18–19 (Count II));

- How the braking system is configured, including the configuration of the processor's arbitration logic and how commands are received from primary and secondary VCUs and brake controllers, or how Bot Auto trucks use those commands in a manner that meet what is required by claim 1 of the '284 patent (Motion at 19–21 (Count III));

- How the limitations of claim 1 of the '109 patent are met that require a specific number of cameras facing specific directions with a specific field of view and focal length (Motion at 21–22 (Count IV));

- How the focal lengths of forward-facing and backward-facing cameras compare to each other as required by limitations in claim 1 of the '783 patent  (Motion at 22–23 (Count V)); or

- How segments and polylines are used in a Bot Auto method of map construction in a manner that infringes claim 1 of the '609 patent (Motion at 24–25 (Count VI)).

The Complaint lacks facts articulating why it is plausible that Bot Auto's trucks infringe any Asserted Patent, and therefore each claim should be dismissed for failure to state a claim for relief. *See Bot M8*, 4 F.4th at 1353 ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringed the patent claim."). Conclusions and excuses do not suffice and must be dismissed.

## V.   CREATEAI'S ALTERNATIVE REQUEST FOR RELIEF SHOULD BE DENIED AS FUTILE

Bot Auto provided CreateAI the opportunity to amend its Complaint before Bot Auto filed the Motion. *See* Motion, Ex. A. The Rules provided CreateAI another opportunity to amend within 21 days after the Motion was filed. Fed. R. Civ. P. 15(a)(1)(B). CreateAI declined both, refusing to amend.

Now, to extend the inevitable, CreateAI cursorily asks to amend in the alterative; CreateAI does not attach the proposed amended complaint, say what it will do, explain or even suggest it will be able to remedy the Complaint's deficiencies, or explain why it has not already amended if it has more to say. *See* Response at 19–20. Amendment now should be denied as too late and futile. Despite access to enormous information about Bot Auto's technology, CreateAI relies on innocuous photographs, bare conclusions, and false excuses. CreateAI has not and cannot support its patent infringement claims with sufficient facts to raise a plausible claim for relief, and another effort only furthers CreateAI's ulterior goals. Amendment should be rejected.

## VI.   CONCLUSION

Each of CreateAI's infringement claims (Counts I–VI) should be dismissed for failure to state a claim. Given the futility of CreateAI's proposal to amend its Complaint, dismissal should be with prejudice.

Respectfully submitted,

*/s/ Joseph A. Fischer, III*
Joseph A. Fischer, III
Attorney-in-Charge
Texas Bar No. 00789292
SD Texas Bar No. 18922
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, TX  77010
Tel:  (713) 752-4530
Fax:  (713) 308-4130
tfischer@jw.com

Of Counsel:
Leisa Talbert Peschel
lpeschel@jw.com
Texas Bar No. 24060414
SD Texas Bar No. 882947
Tori C. Emery
temery@jw.com
Texas Bar No. 24126228
SD Texas Bar No. 3725718
R. Conor Tomalty
ctomalty@jw.com
Texas Bar No. 24121170
SD Texas Bar No. 3623592
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, TX  77010
Tel:  (713) 752-4530
Fax:  (713) 308-4130

**ATTORNEYS FOR DEFENDANTS
BOT AUTO, INC., BOT AUTO TX,
INC., AND BOT AUTO CA, INC.**

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned hereby certifies that this Reply in Support of its Motion to Dismiss does not exceed the word limit count of this Court. Specifically, the undersigned certifies this Reply in Support of its Motion to Dismiss contains 1,999 words as counted by the word count tool in Microsoft Word, excluding the case caption, table of contents, table of authorities, table of exhibits, signature block, and certificates.

*/s/ Joseph A. Fischer, III*
Joseph A. Fischer, III

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 16, 2025, a true and correct copy of this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure via the ECF System.

*/s/ Joseph A. Fischer, III*

Joseph A. Fischer, III
