

**DYKEMA GOSSETT PLLC**
10 S. Wacker Dr, Suite 2300
Chicago, IL 60606

**Michael J. Word**
Direct Dial: (312) 627-2263
Email: MWord@dykema.com

January 26, 2026							Via ECF

Hon. Charles Eskridge
U.S. District Court, Southern District of Texas
Courtroom 9F
515 Rusk Street
Houston, TX 77002

Re:   *TuSimple, Inc. v. Bot Auto, Inc., et al.*, Case No. 4:25-cv-03371

Dear Judge Eskridge:

Plaintiff CreateAI, Inc. (f/k/a TuSimple, Inc.) ("CreateAI") respectfully responds to the letter from Defendants Bot Auto, Inc., Bot Auto TX, Inc. and Bot Auto CA, Inc. (collectively, "Bot Auto") dated January 16, 2026, requesting a stay in this matter, (Dkt. No. 23), as follows.

**<u>Bot Auto's Characterization of the Motion to Dismiss Briefing</u>**.  Bot Auto devotes a significant portion of its letter to characterizing the parties' briefing on its motion to dismiss. Although the briefs stand on their own, CreateAI specifically disputes Bot Auto's argument that CreateAI "had access to Bot Auto's technology as a result of the earlier trade secret misappropriation case in the Texas Business Court." (Dkt. No. 23, at 1.)  First, Bot Auto has not claimed, let alone shown, that any of the limited discovery it provided in that other case has any bearing on the patent claims at issue in this case.  Second, and as CreateAI established in its opposition brief, CreateAI is unable to use here any discovery provided in the Texas Business Court case because of the Protective Order entered in that case.  (Dkt. No. 19 at 14-15.)

**<u>Bot Auto's Request to Stay the Entire Case is Unwarranted</u>**.  As numerous courts in this district and Circuit have repeatedly recognized, a stay of discovery pending a Rule 12 motion to dismiss "is the exception rather than the rule." *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 U.S. Dist. LEXIS 56564, at *2 (N.D. Tex. July 23, 2008) (citing *Ford Motor Co. v. United States Auto Club, Motoring Div., Inc.*, No. 3-07-CV-2182-L, 2008 U.S. Dist. LEXIS 34240, at *2 (N.D. Tex. Apr. 24, 2008); *see also Edge196 LLC v. Jointer, Inc.*, No. H-20-3417, 2021 U.S. Dist. LEXIS 169508, at *1-2 (S.D. Tex. Jan. 22, 2021) (same); *Boltex Mfg. Co., L.P. v. Ulma Forja*, No. H-17-1400, 2017 U.S. Dist. LEXIS 228964, at *3 (S.D. Tex. Oct. 24, 2017) (same).   The limited exceptions when a stay may be warranted include instances where the Rule 12(b)(6) motion raises jurisdictional or immunity defenses.  *Moorehead v. Goodwill Indus. of Ne. Tex.*, No. 4:25-CV-00563-SDJ-BD, 2025 U.S. Dist. LEXIS 226249, at *2 (E.D. Tex. Nov. 18, 2025); *see also N.H. v. Castilleja,* Civil Action No. 4:22-cv-00436, 2023 U.S. Dist. LEXIS 4323, at *9 (E.D. Tex. Jan. 10, 2023) (denying stay and noting defendant's "motion is not based on any jurisdictional or immunity defenses").  As other courts in this Circuit have highlighted, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect," but "such a notion is directly at odds with the need for expeditious resolution of

litigation." *Heston v. Austin Indep. Sch. Dist.*, No. 1:21-CV-35-RP, 2024 U.S. Dist. LEXIS 115276, at *3 (W.D. Tex. July 1, 2024) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)); *Yeti Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 U.S. Dist. LEXIS 144473, at *3 (W.D. Tex. Oct. 19, 2016) (same). Ultimately, stays of discovery pending a 12(b)(6) motion "are very rare." *Yeti Coolers,* 2016 U.S. Dist. LEXIS 144473, at *3.

The present case—in which Bot Auto's motion to dismiss alleges only that the Complaint does not allege sufficient facts to show entitlement to relief—falls within the "traditional circumstances where a Court lets discovery to proceed pending the resolution of a 12(b)(6) motion." *N.H. v. Castilleja,* 2023 U.S. Dist. LEXIS 4323, at *9. Bot Auto's belief that it has "a strong case for dismissal," (Dkt. No. 23, at 2), is not sufficient to place this case within the realm of "very rare" cases where a stay is warranted. *See Glazer's Wholesale Drug Co.*, 2008 U.S. Dist. LEXIS 56564, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *Yeti Coolers, LLC*, 2016 U.S. Dist. LEXIS 144473, at *2-3 ("in practice such stays are very rare, and almost never wise.")

Bot Auto's claims of "prejudice" based on the potential need to disclose trade secret information are unavailing for at least two reasons. First, this argument is at odds with Bot Auto's claim in its Motion to Dismiss that Plaintiff already has access to Bot Auto's technology, including its source code, via the Texas Business Court action. (Dkt. No. 11, at 20.) Second, any concerns regarding the disclosure of trade secret information can readily be addressed through a protective order. Bot Auto's remaining argument regarding the need to divert resources to engage in routine discovery also does not justify a stay.

The cases that Bot Auto cites in its letter are readily distinguishable because they involve jurisdictional or immunity defenses or other threshold legal issues not present here. *Petrus v. Bowen* involved jurisdictional issues concerning the ability to bring an action against individuals under the FOIA and Privacy Act. 833 F.2d 581, 582-83 (5th Cir. 1987). *Ford v. Caddo Par. Dist. Attorney's Office* involved issues of qualified or absolute immunity. No. 15-0544, 2016 U.S. Dist. LEXIS 58961, at *5 (W.D. La. May 3, 2016). *Pritchard v. Thompson* involved a motion to dismiss based on lack of personal jurisdiction and improper venue. No. 22-cv-2838-JPM-tmp, 2023 U.S. Dist. LEXIS 229060, at *1 (W.D. Tenn. Feb. 23, 2023). And *Cybergenetics Corp. v. Inst. of Envtl. Sci. & Research* involved "threshold legal questions" concerning the patents. No. 5:19-CV-1197, 2020 WL 564217, at *6 (N.D. Ohio Jan. 27, 2020).

Because Bot Auto has failed to show that this is the very rare case that would justify a stay pending a ruling on its Rule 12 motion to dismiss, the Court should deny Bot Auto's request.

Sincerely,

Michael J. Word
*Counsel for Plaintiff, CreateAI, Inc.*

cc:     Counsel of Record